Ann McGregor, Respondent, *against* The Board of Education of the City of New York, Appellant.

(Decided May 15th, 1885).

A lease of a house and lot, providing that the building was to be used for school purposes, contained a covenant by the lessee at the expiration of the term to quit and surrender the premises in as good state and condition as reasonable use and wear thereof would permit, damages by the elements excepted, and a covenant to leave the premises at the expiration of the term in the same condition as they were at the execution of the lease, reasonable use and wear thereof as a public school and damages by the elements excepted; a covenant in the printed form used for the lease, that the lessee should not make any alterations in the premises, was struck out. The lessee altered the premises for use as a public school, and they continued so altered at the expiration of the term, and at the beginning and expiration of each of the terms of three subsequent leases of the premises made between the parties, each beginning at the expiration of the preceding term, and each lease in form like the first and containing similar covenants. *Held,* that the lessor could not recover for a breach of the covenants mentioned in the first lease, upon proof merely of the above facts and of dilapidation of the premises at the expiration of the last lease, without proof of their condition at the expiration of the first lease.

*It seems,* that the lessee was not bound, under the special covenant in the first lease, to restore the premises to their original form by again altering them from a schoolhouse to a private residence.

Appeal from a judgment of this court entered upon the verdict of a jury.

The action was brought by a lessor against a lessee to recover damages for breach of a covenant in the lease to

surrender the demised premises at the expiration of the term in the same condition they were in at the execution of the lease, and a covenant to pay the rent or charge upon the premises for Croton water during the term. At the trial the jury found a verdict for plaintiff for $402.48 and interest, of which sum $95.48 with interest was for non-payment of Croton water rent. Judgment for plaintiff was entered on the verdict. From the judgment defendant appealed.

*George L. Sterling* and *Arthur H. Masten*, for appellant.

*Alfred Roe*, for respondent.

J. F. DALY, J.—The first lease, for a term of five years from August 1st, 1874, contained a covenant to quit and surrender the premises in as good state and condition as reasonable use and wear thereof will permit, damages by the elements excepted; also another covenant to leave said premises at the expiration of said lease in the same condition as they were at the execution of the lease, reasonable use and wear thereof as a public school and damages by the elements excepted. The lease provided that the building was to be used for school purposes, and a printed clause in the blank form used for the lease, which provided that the tenant should not make any alteration in the premises under penalty of forfeiture and damages, was struck out before execution.

Under the covenants of this original lease plaintiff was entitled to recover for any damages sustained by her for failure to surrender the premises on August 1st, 1879, in as good state and condition as reasonable use and wear thereof would permit. I do not think the tenant was bound to restore the premises to the condition they were originally in, so far as the alteration from a school building to a private residence is concerned. There was an implied consent (evidenced by the striking out of the covenant against alterations) to a change of the premises to make them suit-

able for a public school. The special covenant that the premises should be left at the expiration of the said lease in the same condition as they were at the execution of the lease, reasonable use and wear thereof as a public school and damages by the elements excepted, is opposed to the view that the premises were to be restored to their original form; for in that case they would have to be again altered from a schoolhouse to a private residence, and there would be no sense in the exception of reasonable use and wear as a public school.

But, apart from the fact that the premises, as altered for a public school, continued so altered at the expiration of the first lease and at the beginning and expiration of each subsequent lease, there is no proof in the case as to the condition otherwise of the premises at the expiration of the first lease. All the proof as to condition that plaintiff offered related to the time of the expiration of the fourth lease in November, 1881.

There could be no recovery for the dilapidation of the premises in November, 1881, because the action was not brought upon the covenants of the lease which then expired, and because there was no proof of the condition of the premises at the time that lease was executed, viz., April 16th, 1881, to which date the covenants in said lease, as to the condition in which the premises were to be left, referred. Each of the four successive leases under which defendants held from 1874 to 1881 inclusive, contained an independent covenant that the premises should be surrendered in the condition in which they were when the lease was executed, excepting reasonable use and wear as a public school; and the liability upon each covenant is separate.

The judgment must be reversed and a new trial ordered, with costs to abide event, unless plaintiff stipulates to accept a modification, by reducing the judgment to $95.48 and interest, in which case the judgment will be modified accordingly.

ALLEN, J., concurred.

Order accordingly.